UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA ALGARIN-SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-313 |
| | ) | |
| INVERNESS TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Jessica Algarin-Santiago filed a Complaint alleging that she was subjected to unlawful employment conditions. *See generally* doc. 1. She also moved to pursue this case *in forma pauperis*. Doc. 2. After reviewing plaintiff's application, she does not appear indigent and her motion for leave to proceed IFP should be **DENIED**. Doc. 2.

In her application to proceed *in forma pauperis*, Algarin-Santiago discloses that she is employed and makes $3,244.80 per month. *See* doc. 2 at 2. She also discloses that her average monthly income over the past twelve months was $3,297.60. Doc. 2 at 1. Her spouse's average income over the same period was $6,668.00, for a total household average monthly income of $9,965.60. *Id*. She and her spouse have a total of $1,121.47 in checking accounts. *Id*. at 2. She and her spouse own a home

and two vehicles. *Id.* at 3. She estimates her total household expenses are $5,458.86. *Id.* at 5. Based on those disclosures, the Court calculates that her household has approximately $4,506.74 in average monthly discretionary income. That amount of discretionary income, coupled with the disclosed funds available in checking accounts, precludes authorizing Plaintiff to proceed *in forma pauperis*.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given Algarin-Santiago's disclosed income, which exceeds her disclosed expenses, and assets she is not indigent. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**. Doc. 2. Should the assigned District Judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the District Judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA